UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. a Delaware corporation, and FACEBOOK IRELAND LIMITED, an Irish company,<br><br>           Plaintiffs,<br>    v.<br><br>PROFILE TECHNOLOGY, LTD, a New Zealand company, and CHRISTOPHER CLAYDON, an individual,<br><br>           Defendants. | Case No.: 5:13-cv-00459-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 11)** |

Defendants Profile Technology, Ltd. ("PTL") and Christopher Claydon ("Claydon") (collectively "Defendants") present a motion to dismiss for the court's consideration. The central question is straightforward: accepting as true all the allegations of the complaint, did Defendants ever enter into a contract with Plaintiff Facebook Ireland Limited ("Facebook Ireland")? Because the equally straightforward answer to the question is yes, the court DENIES Defendants' motion.

1

Case No.: 5:13-cv-00459-PSG
ORDER

# I. BACKGROUND

As noted, the court accepts as true for the purposes of this motion the various factual allegations in the complaint. Plaintiff Facebook, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.[1] Facebook Ireland is an Irish company with its principal place of business in Dublin, Ireland.[2] The Facebook online social networking service enables people to connect and share with their friends, family and coworkers.[3] All Facebook users agree to comply with the Site Terms of Use ("Statement") when they create a Facebook account or access the Facebook website.[4] Facebook hosts content that its users post, and makes that content available (subject to limitations set by the content owners) to third-party application developers ("Facebook Developers.")[5] These developers can access and interact with user-generated content hosted on Facebook's website through the Facebook Platform, subject to and restricted by Facebook's Developer Terms.[6] The Platform includes a set of application programming interfaces and other services that enable these developers' applications to interact with Facebook's services.[7]

Claydon was a registered Facebook user, who like all registered users, agreed to be bound by Facebook's Statement.[8] Claydon also was a Facebook Developer, and operated a developer account on behalf of, and for the purposes of, operating his business, PTL, and the

---

[1] *See* Docket No. 1 ¶ 5.

[2] *See id.* ¶ 6.

[3] *See id.* ¶ 14.

[4] *See id.* ¶ 12, 16.

[5] *See id.* ¶ 15.

[6] *See id.* ¶ 20.

[7] *See id.*

[8] *See id.* ¶ 12.

2

Case No.: 5:13-cv-00459-PSG
ORDER

ProfileEngine.com website.[9]  In exchange for permission to use the Facebook Platform, Claydon and PTL agreed to be bound by Facebook's Developer Terms.[10]

In March 2008, Claydon approached Facebook, seeking permission to use Facebook APIs to retrieve user data and index it for use by PTL.[11]  Facebook agreed, and between March 2008 and October 2010, Defendants retrieved, copied and indexed user data.[12]

The Developer Terms in effect when Defendants began using the Facebook Platform to develop applications were the Developer Terms dated June 1, 2007 ("June 2007 Developer TOS").[13]  The June 2007 Developer TOS, stated that if Facebook modified the Developer Terms, and the modifications were unacceptable to the developer, then the developer's "ONLY RECOURSE IS TO STOP USING THE FACEBOOK PLATFORM," and that "CONTINUED USE OF THE F ACEBOOK PLATFORM FOLLOWING OUR POSTING OF A CHANGE NOTICE OR NEW AGREEMENT ON OUR SITE WILL CONSTITUTE YOUR BINDING ACCEPTANCE OF THE CHANGE."[14]

Since 2008, the Developer Terms have changed on several occasions.  At some point, Facebook Ireland became a party to at least the Statement, and was charged with enforcing the terms against users and developers outside North America.[15]  On another occasion, in April 2010, a requirement was added that Developers keep so-called "cached data."[16]  A few months after this

---

[9] *See id.* ¶ 32.

[10] *See id.* ¶ 35.

[11] *See id.*

[12] *See id.* ¶ 36.

[13] *See id.* ¶ 27.

[14] *See id.* ¶ 29.

[15] *See* Docket No. 1, Ex. A at 19.

[16] *See id.* ¶ 30.

3

Case No.: 5:13-cv-00459-PSG
ORDER

change, in October 2010, Defendants claim to have stopped accessing the Facebook Platform for indexing purposes.[17] Despite this claim, Defendants continued to access the Facebook Platform by automated means and retrieved Facebook user information after October 2010.[18] As of the date of filing of the complaint, ProfileEngine.com displays information that was posted to Facebook after the October 2010 date on which Defendants claim to have stopped retrieving data.[19] At no time have Defendants kept their storage of user data current.[20] Further, Defendants did not delete user data after they claim to have stopped accessing the Facebook Platform.[21] Instead, Defendants have expressly and repeatedly refused Facebook's demands that they return or delete user data. Facebook alleges that Defendants continue to use and display out-of-date user data to this day.[22]

In November 2011, after determining that Defendants had breached and were continuing to breach their agreements with Facebook, Facebook revoked Defendants' license to access Facebook and the Facebook Platform, demanded that Defendants stop displaying outdated user data, and demanded that Defendants delete all of Facebook user information in its possession.[23] Rather than complying with their agreements with Facebook, Defendants refused to stop displaying user data on ProfileEngine.com, and Defendants refused to delete or return to Facebook any user data. Defendants continued to access Facebook until at least May 19, 2012.[24]

## II. LEGAL STANDARDS

---

[17] *See id.* ¶ 37.

[18] *See id.*

[19] *See id.*

[20] *See id.* ¶ 38.

[21] *See id.*

[22] *See id.*

[23] *See id.* ¶ 41.

[24] *See id.* ¶ 42, 43.

4

Case No.: 5:13-cv-00459-PSG
ORDER

A complaint may be dismissed under Rule 12(b)(6) "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."[25]  The court must generally accept as true all "well-pleaded factual allegations,"[26] and must construe the alleged facts in the light most favorable to the plaintiff.[27]  But any factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."[28]  Thus, a complaint should only be dismissed where it "appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[29]

Leave to amend shall be freely given when justice so requires.[30]  But a motion for leave to amend may be denied if it would be futile or legally insufficient.[31]  A proposed amendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.[32]

### III. DISCUSSION

Defendants' challenge to the complaint is a narrow one[33]:  they never entered into any agreement with Facebook Ireland, and so Facebook Ireland's claims should be dismissed.  In support of their challenge, Defendants highlight the fact that there are no allegations of any

---

[25] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

[26] *Ashcroft v. Iqbal*, 566 U.S. 662, 664 (2009).

[27] *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

[28] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

[29] *Clegg v. Cult of Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

[30] Fed R. Civ. P. 15(a).

[31] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

[32] *See id.*

[33] Defendants make a vague reference to an arbitration clause that they obliquely suggest applies to this case.  *See* Docket No. 11.  They have not moved to dismiss on those grounds nor have they moved to compel arbitration.  The court therefore does not address the merits of the arbitration clause or its applicability in this case.

communications between them and Facebook Ireland, that any addition of Facebook Ireland by amendment of the Developer Terms was an improper novation,[34] and that if Facebook Ireland is an appropriate party to the breach of contact claim it would suggest that Facebook, Inc. is not.

While the court would agree that the complaint is not a model of clarity as to Facebook Ireland's standing to pursue the asserted contract breach claim,[35] it cannot agree that no such standing is established. It is true that nowhere in the complaint is Facebook Ireland's substitution into the Developer Agreement mentioned. Facebook Ireland in fact only appears in Exhibit A to the complaint, Facebook's current Statement, last revised in December 2011. But as alleged in the complaint, when Defendants agreed to the Statement and Developer Terms in 2008, they agreed that the conditions of those agreements could change and that if they did not wish to be bound by the changes, their remedy was to stop using the site and accessing the Platform. The complaint alleges that Defendants continue still to use the site and are in breach of the current Statement. If these allegations are to be believed, as they must when considering a Rule 12(b)(6) motion, this is sufficient for Facebook Ireland to pursue remedies for the alleged breach. In light of the discovery that is to come, Defendants may have an argument that these allegations are somehow unmeritorious, but as a matter of pleading they have not shown that this is so. As for Defendants' final point, it may be that Facebook Inc. has no claim, but Defendants chose only to challenge Facebook Ireland's standing as a proper plaintiff.

Because the allegations provide a plausible cause of action by Facebook Ireland against Defendants, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: July 22, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[34] *See* Cal. Civ. Code §§ 1530-1532.

[35] The court must take note that Defendants chose to allege a failure to state of claim pursuant to Rule 12(b)(6), not a more definite statement pursuant to Fed. R. Civ. P. 12(e).

6
Case No.: 5:13-cv-00459-PSG
ORDER