UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK INC., and others,<br><br>        Plaintiffs,<br><br>        v.<br><br>PROFILE TECHNOLOGY, LTD, and others,<br><br>        Defendants. | Case No. 13-cv-00459 PSG (NC)<br><br>**ORDER ENFORCING SETTLEMENT AGREEMENT**<br><br>Re: ECF 160, 168, 170 |

This order confirms rulings on competing motions to enforce the 2014 settlement agreement between the parties. Previous orders found that the settlement agreement was an enforceable contract (ECF 105) and directed the parties to abide by their agreement (ECF 120). Despite encouragement from the Court to settle their dispute for good, the parties returned in 2018 with a further round of cross-charges that the other party did not comply with the bargain reached in their settlement.

The Court may retain jurisdiction to enforce a settlement agreement. *Kokonnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). Here, the parties "consent to jurisdiction of U.S. District Court NDCA, Magistrate Judge Cousins, to resolve any disputes arising from this Settlement." Dkt. 94-1, Ex. A (redacted). The Court accordingly has jurisdictional power to interpret and enforce the settlement.

The motions presented are:

ECF 160: Defendants' motion for settlement interpretation and enforcement.

ECF 168: Facebook's motion to enforce settlement.

ECF 170: Defendants' request for order to show cause re contempt and motion for sanctions.

The Court held a hearing on these motions on September 26, 2018, and issued a ruling from the bench on all three motions, while indicating a further written order would follow. A transcript of the hearing is at ECF 195 and will be referenced in this order.

As to ECF 160, Defendants' motion for enforcement is denied. I find that Facebook did not breach the settlement provisions cited by Defendants. *See* ECF 195 at p. 32.

As to ECF 170, Defendants' motion for sanctions against Facebook is denied because (1) Facebook did not breach the settlement; and (2) there is a lack of evidence of sanctionable conduct established by Defendants. *See* ECF 195 at p. 68.

Finally, on ECF 168, Facebook's motion to enforce is granted, but the remedy is less strenuous than requested because Defendant Claydon substantially mitigated harm caused by his breach. I find that Claydon breached the settlement agreement by his April 2018 transfer or donation of data. And I find that this breach was not excused by Facebook's failure to audit the data purge.

As to a remedy, first, the Court reaffirms that all parties must comply with the settlement agreement. Second, Defendants must immediately and permanently delete all data that they were required to delete under the settlement agreement. A significant step was already taken by Claydon in the freezing and then deletion of Internet Archive data and in his cooperation in providing declarations to the Court. On the record before the Court, an additional audit of Claydon's electronic devices is not warranted.

Facebook's request for fees is denied.

The Court will separately rule on ECF 191, Defendants' motion to seal.

This case is again closed, although the Court continues to retain jurisdiction to enforce the settlement agreement and the orders enforcing it.

1  IT IS SO ORDERED.

2  Date: March 31, 2021

3  _____
   Nathanael M. Cousins
   United States Magistrate Judge